IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **DUYEN PHAN**, | : |
| | : |
| Plaintiff, | : |
| | : Case No.: |
| v. | : |
| | : |
| **WALMART, INC f/k/a WAL-MART STORES, INC.** | : |
| | : |
| Defendant. | : |

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, **DUYEN PHAN** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** hereby submits the following Corrected Complaint and Demand for Jury Trial against Defendant **WALMART, INC f/k/a WAL-MART STORES, INC.** (hereafter referred to as "Walmart," and "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1.  This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by a Farberware 7-in-1 programmable pressure cooker (hereafter generally referred to as "pressure cooker(s)") exclusively sold and distributed by Defendant Walmart. Specifically, the subject programmable pressure cooker is a sublicensed product owned by Defendant Walmart, which Walmart holds out as its own:

1



*Identification plate of Plaintiff's pressure cooker.*

2. On or about December 16, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

3. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

4. Specifically, said defects manifest themselves when the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting

consumers, their families and other bystanders. The Plaintiff in this case removed the lid while, unbeknownst to her, the pressure cooker still retained pressure, causing her serious and substantial bodily injuries and damages.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF DUYEN PHAN

6. Plaintiff is a resident, citizen and is domiciled in the City of New Port Richey, County of Pasco, State of Florida. Plaintiff intends to remain in the City of New Port Richey, County of Pasco, State of Florida a indefinitely. Plaintiff therefore is a resident, citizen and is domiciled in the State of Florida for purposes of diversity pursuant to 28 U.S.C. § 1332.

7. Plaintiff purchased the subject pressure cooker at her local Walmart.

8. On or about December 16, 2022, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety mechanisms," which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as a result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT WALMART, INC f/k/a WAL-MART STORES, INC.,

9. Defendant Walmart designs, manufactures, markets, imports, distributes and sells a variety of consumer products, including the subject pressure cooker in this case.

10. Walmart is, and was at the time of Plaintiff's injury, a corporation organized and existing under the laws of the state of Delaware with its headquarters and principal place of business located in Arkansas. Walmart does business in all 50 states. Walmart is therefore deemed to be a resident and citizen of both the State of Delaware and the State of Arkansas for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11. At all times relevant, Defendant Walmart substantially participated in the design, manufacture, marketing, distribution and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Florida and intentionally availed itself of the markets within Florida through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

15. Walmart is in engaged in the business of designing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in the litigation.

16. Walmart warrants, markets, advertises and sells its Farberware pressure cookers as a means "to take the guesswork out of the most common cooking tasks."[1]

17. It further boasts that their pressure cookers have a "large locking lid to prevents [sic] the cooker from opening while pressurized,"[2] which purports to keep the user safe while cooking.

18. For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with "important safeguards" that prevent the lid from unlocking until "the float valve drops down by itself."[3]

19. By reason of the forgoing acts or omissions, the above-named Plaintiff used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

20. Plaintiff used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant.

21. However, the aforementioned pressure cooker was defectively and negligently designed in that it failed to properly function as to prevent the lid from being rotated, opened, or removed with normal force while the unit remained pressurized, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff and similar consumers in danger while using the pressure cookers.

---

[1] https://www.walmart.com/ip/Farberware-Programmable-Digital-Pressure-Cooker-6-Quart/46543314 (last accessed May 15, 2025).
[2] *Id.*
[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Farberware 7-in-1 programmable pressure cooker" Owner's Manual. See, e.g. pgs. 3, 11.

22. The pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

23. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

24. As a direct and proximate result of Defendant's conduct, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

25. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY – DESIGN DEFECT

26. Walmart is the designer, manufacturer, seller, distributor, marketer, and supplier of the subject pressure cookers, which were negligently designed.

27. Walmart failed to exercise reasonable care in designing, developing, inspecting, testing, packaging, selling and distributing its pressure cookers, which were defective and presented an unreasonable risk of harm to consumers, such as the Plaintiff.

28. As a result, the subject pressure cookers, including Plaintiff's pressure cooker, contain defects in their design which render them unreasonably dangerous to consumers, such as the Plaintiff, when used as intended or as reasonably foreseeable to Walmart. The defect in the design allows consumers such as Plaintiff to open the lid while the unit remains pressurized,

despite the appearance that all the pressure has been released from the unit, and causes an unreasonable increased risk of injury, including, but not limited to, first, second and third-degree scald burns.

29. Plaintiff in this case used her pressure cooker in a reasonably foreseeable manner and did so as substantially intended by Walmart.

30. The subject pressure cooker was not materially altered or modified after being manufactured by Walmart and before being used by Plaintiff.

31. The design defects allowing the lid to open while the unit was still pressurized directly rendered the pressure cookers defective and were the direct and proximate result of Walmart's negligence and failure to use reasonable care in designing, testing, and promoting the pressure cookers.

32. As a direct and proximate result of Walmart's negligent design of its pressure cookers, the Plaintiff in this case suffered injuries and damages, including, but not limited to, partial thickness burns, which resulted in multiple medical procedures, including wound debridements, Said injuries have resulted in significant, permanent scarring to her abdomen.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT II
## STRICT LIABILITY - FAILURE TO WARN

33. At the time in which the Pressure Cooker was purchased, up through the time Plaintiff was injured, Walmart knew or had reason to know that its Pressure Cookers were dangerous and created an unreasonable risk of harm to consumers.

34. Walmart had a duty to exercise reasonable care to warn consumers of the dangerous conditions or the facts that made its pressure cookers likely to be dangerous; specifically, that the lids of the units could be removed while the unit remained pressurized.

35. As a direct and proximate result of Walmart's failure to warn of the dangers of its pressure cookers, the Plaintiff in this case suffered injuries and damages, including, but not limited to, partial thickness burns, which resulted in multiple medical procedures, including wound debridements, Said injuries have resulted in significant, permanent scarring to her abdomen.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT III
## NEGLIGENCE

36. Walmart had a duty of care in the design, sale, warnings, testing, and promotion of it's pressure cookers, including the subject pressure cooker, to reasonably foreseeable consumers, such as the Plaintiff in this case.

37. Defendant breached its duty of care in the in the design, sale, warnings, testing, and promotion of its pressure cookers in that, among other things, it:

    a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the risk of burn injuries to individuals;

    b. Failed to report incidents of injuries, as required by the Consumer Products Safety Act (CPSA); and

    c. Failed to ensure the pressure cookers complied with safety standard UL 136/1026.

38. Walmart knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39. Walmart's breach of these duties, despite that fact that it knew or should have known of the propensity of its pressure cookers to cause burn injuries to consumers such as Plaintiff, was the direct and/or proximate cause of Plaintiff's damages, including his permanent scarring.

40. As a direct and proximate result of Walmart's to use due care in designing and manufacturing the pressure cookers to avoid the risk of burn injuries to individuals and failure to ensure its pressure cookers conformed to the applicable industry standards, the Plaintiff in this case suffered injuries and damages, including, but not limited to, partial thickness burns, which resulted in multiple medical procedures, including wound debridements, Said injuries have resulted in significant, permanent scarring to her abdomen.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## INJURIES & DAMAGES

41. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

42. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life, disfigurement and permanent scarring to her person. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

43. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns she suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of

this action and interest to the full extent of the law, whether arising under the common law and/or statutory law, including:

    a. judgment for Plaintiff and against Defendant;

    b. damages to compensate Plaintiff for their injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cooker;

    c. pre and post judgment interest at the lawful rate;

    d. leave to amend her complaint to include a claim for punitive damages, according to proof, on all applicable Counts as permitted by the law;

    e. a trial by jury on all issues of the case; and

    f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

**JOHNSON BECKER, PLLC**

Dated: October 17, 2025

*/s/ Lisa A. Gorshe, Esq.*
Lisa A. Gorshe, Esq. (FL #122180)
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Tel.: (612) 436-1800
Fax: (612) 436-1801
lgorshe@johnsonbecker.com

***Attorneys for Plaintiff***

12